IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PAUL ANTHONY SMITH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 09-304-GPM |
| | ) |
| GARY CONDER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff, an inmate at the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007). A complaint is plausible on its face "when

the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, No. 08-4286, 2009 WL 2535731, at *5 (7th Cir. Aug. 20, 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id.* At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Service*, No. 06-4260, 2009 WL 2498580, at *2 (7th Cir. Aug. 18, 2009).

### THE COMPLAINT[1]

Plaintiff commenced a civil rights action in the United States District Court for the Northern District of Illinois alleging that he had been denied due process of law in connection with a disciplinary action taken by officials of the Will County Adult Detention Facility. *See Smith v. Nudera*, Case No. 1:08-cv-1139 (N.D. Ill.). While this case was pending in the Northern District, Plaintiff was transferred to the Menard Correctional Center. Plaintiff contends that he was denied adequate access to a law library at Menard. Plaintiff claims that, as a result of the lack of access, he settled his civil rights action in the Northern District for less money than he had sought in the action.

### DISCUSSION

The "right of access to the courts is meant to allow an inmate to bring claims through the

---

[1] Plaintiff filed both a complaint and an amended complaint in this case. The amended complaint replaces and supersedes the initial complaint. *Flannery v. Recording Assoc. of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004).

preliminary stages in the courts, not to allow full-fledged self-representation. *Smith v. Shawnee Library Sys.*, 60 F.3d 317, 322 (7th Cir. 1995). An inmate has no constitutional claim that he has been denied access to the courts unless he can demonstrate that a non-frivolous legal claim has been frustrated or impeded. *Lewis v. Casey*, 518 U.S. 343, 352-53 (1996). The Seventh Circuit uses a two-part test to decide if prison administrators have violated the right of access to the courts. *Smith v. Shawnee Library Sys.*, 60 F.3d at 317; *Jenkins v. Lane*, 977 F.2d 266, 268 (7th Cir. 1992). First, the prisoner must show that prison officials failed "to assist in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Jenkins*, 977 F.2d at 268, *quoting Bounds v. Smith*, 430 U.S. 817, 828 (1977). Second, he must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn,* 13 F.3d 1036, 1041 (7th Cir. 1994); *Jenkins*, 977 F.2d at 268; *Shango v. Jurich*, 965 F.2d 289, 291 (7th Cir. 1992); *Howland v. Kilquist*, 833 F.2d 639, 642-43 (7th Cir. 1987); *Hossman v. Sprandlin*, 812 F.2d 1019, 1021 n.2 (7th Cir. 1987).

In the case at hand, Plaintiff does not allege that the lack of access to a law library at Menard impacted his ability to commence his civil action in the Northern District; nor does Plaintiff allege that the lack of access to a law library at Menard caused delays in the progress of that civil action; nor does he assert that his prosecution of that civil action was cut short because he failed to timely file any pleadings or documents with the Northern District. Rather, Plaintiff merely asserts that he settled out-of-court with the defendants in that civil action for less than the amount he claimed in his suit.

Exactly why the alleged lack of access to the law library at Menard caused Plaintiff to settle

his case out-of court is unexplained. But the answer to that question is irrelevant to the resolution of this case. As noted above, the right of access to the courts is concerned with the initial stages of litigation, not its conclusion. The right is to get a non-frivolous claim into a judicial forum – not the right to win the suit or to buttress positions in out-of-court negotiations. Because Plaintiff's access to the *courts* was not impeded or interrupted, his complaint fails to state a claim upon which relief may be granted.

Additionally, this Court notes that Plaintiff's allegation that Defendants violated a court order directing Defendants to grant Plaintiff greater access to the law library does not accurately reflect the proceedings in the Northen District. Instead, the Northern District's records indicate that on or about November 17, 2008, Plaintiff sent a letter to District Judge Amy J. St. Eve, stating that he had been denied access to the law library at Menard. Judge St. Eve construed Plaintiff's letter as a motion for an order compelling greater access of the prison's law library.

On December 30, 2008, Judge St. Eve *denied* Plaintiff's motion for greater access to the law library at Menard, writing:

> An inmate's right of meaningful access to the courts does not encompass an unfettered right of access to prison law libraries. *See Smith v. Shawnee Library System*, 60 F.3d 317, 323 (7th Cir. 1995). Rather, that right is limited to access to a law library sufficient to enable a plaintiff to research the law to determine what facts are necessary to state a cause of action, to perform basic research, to formulate legal theories, and to get through the initial stages of lawsuit. *Id.* at 322; *see also Brooks v. Buscher*, 62 F.3d 176 (7th Cir. 1995). Plaintiff has already accomplished much of this.
>
> The Court is reluctant to interfere with the day-to-day operation of the prison and the manner in which law library requests are managed. Furthermore, because Plaintiff is *pro se* and incarcerated, the court will not hold his briefs and motions to the standards required of an attorney. In addition, if and when the Defendants file dispositive motions, the Plaintiff may seek an extension of time in which to

> respond to any such motions. At the present time, there are no pending dispositive motions. The case does not currently involve the need for extensive legal research. Accordingly, his motion for court-ordered access to the law library is denied.
>
> The Court nevertheless certifies that the above-captioned civil rights action is pending, and that Plaintiff should be allowed to conduct legal research while his case is pending. The Court requests that correctional officials grant Plaintiff reasonable access to the prison's law library during the pendency of this case. Correctional officials may determine the manner that best accommodates Plaintiff's need, balanced by penological considerations of safety, security and orderly administration.

*Smith v. Nudera*, Case No. 1:08-cv-1139 (N.D. Ill. Dec. 30, 2008). Thus, contrary to Plaintiff's assertion, Judge St. Eve did not order Menard prison officials to give Plaintiff greater access to the law library. In fact, she denied Plaintiff's request to issue such an order. Judge St. Eve, however, did request that prison officials give Plaintiff "reasonable access" while Plaintiff's case was pending before her.

Far from being prejudiced in court by any alleged denial of access to the law library, Judge St. Eve noted that Plaintiff had successfully navigated the initial stages of his lawsuit. Additionally, Judge St. Eve stated that no dispositive motions had been filed and that Plaintiff's case did not "currently involve the need for extensive legal research." Further review of the Northern District's records indicates that Plaintiff missed no filing deadlines nor was he prohibited from filing timely motions.

Based on the allegations of the complaint and the Northern District's record of Plaintiff's civil case, there is no indication that the alleged problems Plaintiff had in accessing the law library at Menard prohibited or delayed him from filing his lawsuit, prohibited or delayed him from filing amendments to that lawsuit, prohibited or delayed him from timely filing motions in that action or

in any other way impeded or frustrated the prosecution of his claim before Judge St. Eve. Plaintiff's assertion that he suffered actual prejudice by settling his case out-of-court for less than the amount he claimed in his suit is not the type of actual prejudice necessary to support an access to the courts claim.

#### DISPOSITION

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED with prejudice**. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

DATED: 10/23/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge